Sweetpea Ventures Inc. v Belmamoun (2024 NY Slip Op 04841)

Sweetpea Ventures Inc. v Belmamoun

2024 NY Slip Op 04841

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Kern, J.P., Oing, Kapnick, Kennedy, Shulman, JJ. 

Index No. 650812/22 Appeal No. 2677 Case No. 2023-01901 

[*1]Sweetpea Ventures Inc., et al., Plaintiffs-Appellants,
v
Omar Belmamoun et al., Defendants-Respondents.

Jones Law Firm, P.C., New York (Elaine Platt of counsel), for appellants.
Golenbock Eiseman Assor Bell & Peskoe LLP, New York (Michael S. Devorkin of counsel), for respondents.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered April 4, 2023, which, insofar as appealed from as limited by the briefs, granted defendant Omar Belmamoun's motion for attorneys' fees and costs pursuant to Civil Rights Law § 70-a(1)(a), unanimously affirmed, without costs.
Relying on Civil Rights Law § 76-a(1)(d), plaintiffs contend that their lawsuit concerns a purely private matter; therefore, the court should not have awarded attorneys' fees and costs pursuant to Civil Rights Law § 70-a(1)(a). This argument is unavailing. While Civil Rights Law § 76-a(1)(a)(1) requires a "communication . . . in connection with an issue of public interest," subsection (2) does not require public interest and "conduct . . . in furtherance of the exercise of the constitutional right of petition" suffices. "[T]he right under the First Amendment to the United States Constitution to petition the government" includes litigation (Matter of People v Northern Leasing Sys., Inc., 193 AD3d 67, 77 [1st Dept 2021], lv dismissed 37 NY3d 1088 [2021]). Additionally, "[m]atters of public interest include judicial proceedings" (Reeves v Associated Newspapers, Ltd. (__ AD3d __, 2024 NY Slip Op 04286, *7 [1st Dept, Aug. 22, 2024]).
Plaintiffs' contention that any fee award should go to nonparty Brookstone Partners Morocco, S.A. rather than Belmamoun, is unavailing. Civil Rights Law § 70-a(1)(a) states, "A defendant in an action involving public petition and participation . . . may maintain an action, claim, cross claim or counterclaim to recover . . . costs and attorney's fees." Here, plaintiffs sued Belmamoun individually and he incurred legal fees.
Plaintiffs' claim that former defendant Golenbock Eiseman Assor Bell & Peskoe LLP is ineligible for a SLAPP award is not reviewable on this appeal. Plaintiffs appealed from an order that granted Belmamoun's motion to dismiss and for attorneys' fees, rather than from an order granting a motion by Golenbock for attorneys' fees.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024